IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| IN RE: SUBPOENAS TO ENGINEERED FLUIDS, INC. | Misc. Action No. _____ |
| MIDAS GREEN TECHNOLOGIES, LLC<br><br>Plaintiff,<br><br>- vs. -<br><br>GREEN REVOLUTION COOLING,<br><br>Defendant. | Underlying Case Pending in: 6-24-cv-00166-ADA (W.D. Tex.) |

**MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DIRECTED**
**TO ENGINEERED FLUIDS, INC. PURSUANT TO FED. R. CIV. P. 45**

1601291703.3

Midas Green Technologies, LLC ("Midas") respectfully moves to compel the production of documents and a deposition by Engineered Fluids, Inc. ("Engineered Fluids") in response to Midas's Subpoena to Testify at a Deposition in a Civil Action (the "Subpoena for Testimony") (**Ex. A**) and its Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena for Documents") (**Ex. B**) on June 23, 2025 (collectively "Subpoenas") in the underlying patent infringement action pending in the Western District of Texas, *Midas Green Technologies, LLC v. Green Revolution Cooling, Inc.*, Case No. 6:24-cv-00166-ADA ("Midas v. GRC Case").

I.  **INTRODUCTION**

On June 23, 2025, Midas served the Subpoenas on Engineered Fluids, seeking among other things, discovery of certain relevant information, including evidence related to copying and other secondary considerations of non-obviousness, as well as whether Engineered Fluids has sold immersion cooling systems relevant to the damages claims in this action. The Subpoenas also seek evidence regarding any undisclosed arrangements between Engineered Fluids and Green Revolution Cooling, Inc. ("GRC"). These documents and testimony are highly relevant and critical to the Midas v. GRC Case, including damages and validity issues. Engineered Fluids initially represented that it would retain counsel and respond to Midas's Subpoenas, and that it would respond to multiple subpoenas issued by GRC.  But now despite Midas's repeated efforts to engage and accommodate Engineered Fluids, the company has failed to comply with its obligations under the Subpoena and has ceased responding to Midas's communications since July 11, 2025.

II.  **STATEMENT OF FACTS**

    A.  **The Underlying Litigation Between Midas and GRC**

The underlying lawsuit in this action is a patent infringement suit brought by Midas against GRC. Midas is the owner of United States Patent No. 10,405, 457 (the "Asserted Patent") issued

on September 3, 2019 and titled "Appliance Immersion Cooling System." *See* **Ex. C** (Midas's Complaint for Patent Infringement at ¶ 6). Midas alleges that GRC infringes the Asserted Patent by making, offering for sale and/or selling infringing certain immersion cooling tanks and related products that are used to cool electronic components such as computer servers used in data centers. GRC denies infringement and alleges that the Asserted Patent is invalid.

Engineered Fluids is a Tyler-based supplier of immersion cooling tanks, as well as the dielectric fluids that are used in immersion cooling tanks. *See* **Ex.** D (LinkedIn Profile). Midas issued the Subpoenas to Engineered Fluids after realizing, through subpoenas served by GRC, that Engineered Fluids may possess critical information relevant to issues of validity and damages in this case.

### B. The Subpoena Served On Engineered Fluids

Midas issued the Subpoenas on June 23, 2025. On June 25, 2025, the Subpoenas were hand-served on Engineered Fluids' co-founder Dr. David Sundin for service of process in Tyler, Texas. The Subpoenas list 12 topics for oral testimony and eight categories of document requests. **Ex. E** (Proof of Service for Subpoena for Testimony) and **Ex. F** (Proof of Service for Subpoena for Documents).

### C. Engineered Fluids' Refusal To Comply With the Subpoena

Midas's subpoenas directed Engineered Fluids to produce responsive documents by July 2, 2025 and appear for a remote deposition on July 9, 2025. On June 30, 2025, Gary Testa, President and Chief Executive Officer of Engineered Fluids, emailed counsel for Midas requesting a meeting to discuss the Subpoenas. **Ex. G** (Email Correspondence Between Mr. Testa and Midas's Counsel) During a video meet-and-confer held on July 1, Mr. Testa indicated that Engineered Fluids would be unable to comply with the document production deadline, citing the need to retain counsel and gather the requested materials. Mr. Testa also expressed a preference to coordinate

with GRC to identify a mutually agreeable deposition date that would allow both Midas and GRC to conduct their respective depositions.[1] The parties agreed to revisit the matter the following week, after Engineered Fluids engaged counsel.

On July 10, 2025, counsel for GRC contacted Midas's counsel, stating that she had not received any communication from Engineering Fluids regarding its subpoenas but intended to proceed with the deposition. Midas's counsel included Mr. Testa into the email chain, and on July 11, 2025, he responded that he had not received any correspondence from GRC's counsel regarding its subpoenas. He further stated that he was in the process of finalizing his selection of legal counsel for this matter and would schedule a deposition thereafter. That was the last communication from Mr. Testa that Midas's counsel received. On July 24, 2025, Midas's counsel reached out to Mr. Testa again to request a formal conferral regarding compliance with the Subpoenas. Mr. Testa did not respond, and a voicemail left by Midas's counsel also went unanswered. **Ex. H** (Email Correspondence Between Mr. Testa, Midas's Counsel and GRC's counsel). This lack of engagement is particularly concerning given that fact discovery for the Midas v. GRC Case concludes on September 1, 2025.

III.   **ARGUMENTS**

  A.   **Legal Standard**

Federal Rule of Civil Procedure 26(b) governs the scope of discovery. The rule provides that "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 45 establishes, *inter alia*, nonparties' duties to respond to subpoenas. Rule 45(a)(D) directs that a "command in a subpoena to produce documents, electronically stored

---

[1] GRC has also served similar subpoenas on Engineered Fluids in this matter (see Docket [065]), as well as in *Green Revolution Cooling, Inc. v. Riot Platforms, Inc.*, Case No. 6:24-cv-152 (W.D. Tex).

information, or tangible things requires the responding party to permit inspection, copying, testing, or sampling of the materials."

The scope of discovery under a subpoena is the same as the scope of discovery under Rules 26(b) and 34.  *See* FED. R. CIV. P 45(d)(1); *Cunningham v. Concentrix Sols. Corp.*, No. 4:20-cv-00661, 2021WL 425098, at *2 (E.D. Tex. Feb. 8, 2021) (holding that "[w]hen determining if a subpoena is relevant, courts apply the relevancy standard from Rule 26(b)(1)"); *Folkenflik v. Chapwood Cap. Inv. Mgmt., LLC*, No. 4:20-MC-00036, 2020 WL 9936142, at *3 (E.D. Tex. June 5, 2020) (citing *Zamora v. GC Servs., L.P.*, No. P-15-CV-00048-DCG, 2017 WL 1861843, at *3 (W.D. Tex. Feb. 17, 2017)). ("the scope of discovery through a Rule 45 subpoena is governed by Rule 26(b)).  "[T]he bar for relevancy is low and includes any matter that could bear on, any issue that is or may be in the case." *United States ex rel. Eichner v. Ocwen Loan Servicing LLC*, No. 4:19-CV-00524, 2024 WL 2922979, at *8 (E.D. Tex. June 10, 2024). As the entity resisting discovery, Engineered Fluids bears the burden to establish that the requested discovery is improper. *See Donaldson v. Crisp*, No. 1:22-CV-111, 2023 U.S. Dist. LEXIS 168873, at *8 (E.D. Tex. Sep. 21, 2023).

If the subpoenaed party intends to object, objections must be served before the time specified for compliance or fourteen days after the subpoena is served. *See* Fed. R. Civ. P. 45(d)(2)(B).  "The failure to serve written objections to a subpoena within the time specified by Rule 45(d)(2)(B) typically constitutes a waiver of such objections" *Folkenflik*, 2020 WL 9936142, at *4; *Ring Plus Inc. v. Cingular Wireless, LLC*, No. 2:06-CV-1592007 WL 9702621, at *2 (E.D. Tex. July 26, 2007) (citing *Laughon v. Jacksonville Sheriff's Office*, 2007 WL 1247305, at *2 (M.D. Fla. Apr. 30, 2007) ("protective order is not timely if it is filed after the date the discovery material was to be produced."). In the Fifth Circuit, courts have consistently held that failure to

serve timely objections to a Rule 45 subpoena generally results in a waiver of all grounds for objection, including privilege. *See Walters v. FedEx Custom Critical, Inc.*, No. 4:15-CV-00069, 2016 WL 11976001, at *3 (E.D. Tex. Apr. 8, 2016) (quoting *Isenberg v. Chase Bank USA, N.A.*, 661 F. Supp. 2d 627, 629 (N.D. Tex. 2009)).

### B. Engineered Fluids Must Comply with Midas's Subpoenas and Provide Responsive Documentation and Testimony

Midas's Subpoenas to Engineered Fluids were properly issued by this Court under the authority of Federal Rule of Civil Procedure 45. Engineered Fluids was properly served on June 25, 2025, triggering July 2, 2025 document production and July 9, 2025 deposition deadlines. Midas's Subpoenas are tailored to seek relevant information tied to the claims and defenses at issue in the underlying Midas v. GRC case and they are well within the broad scope of Rule 26(b) as Midas pursues infringement claims of the Asserted Patent against GRC.

These documents and deposition topics sought by Midas are relevant for patent validity and damages issues. Document Request Nos. 5(a)-5(c), as well as Deposition Topic Nos. 7, 11 and 12, are directed to Engineering Fluid's competing immersion cooling products. This information is relevant, for example, to copying by others—an established secondary factor of patent validity—as well as to the absence of acceptable non-infringing substitutes, which is pertinent to lost profits and reasonable royalty damages. Document Request No. 7, as along with Deposition Topic Nos. 3 and 8, are directed to awareness of the patent rights of Midas, GRC, and others, and are also relevant to copying by others.[2] Thus, the Subpoenas request documents and testimony that fall squarely within the scope of relevance contemplated by the Federal Rules. *See* Fed. R. Civ. P. 26.

---

[2] This Motion is limited to only these document requests and deposition topics. *See* Proposed Order.

1601291703.3

Engineered Fluids has demonstrated a complete failure to fulfill its obligations to properly respond to the Subpoenas. Indeed, Engineered Fluids was served with the Subpoenas over 50 days ago, but has failed to serve objections, move to quash the Subpoenas, or move for protective order within the time allotted by the Federal Rules. While Mr. Testa initially asked for an extension, he has not responded to Midas regarding this matter since July 11. Engineered Fluids has thereby waived any objection it may have had with respect to the Subpoenas, the deposition or the production of responsive documents. Per Rule 45(e)(1)(A), Engineered Fluids was required "to produce documents . . . as they are kept in the ordinary course of business." Midas has made repeated efforts to accommodate Engineering Fluids' need for time to retain counsel and produce documents, as well as offering to conduct its deposition on the same day as GRC's to minimize burden. However, Engineered Fluids has ignored all attempts to encourage its compliance with the Subpoenas. Engineered Fluids' refusal to participate deprives Midas of highly probative evidence that rebuts invalidity arguments and supports its damages theory with the close of fact discovery fast approaching on September 1, 2025. Accordingly, Midas respectfully requests the Court to compel third-party Engineered Fluids to immediately comply with the Subpoenas by producing all responsive documents and communications, and by appearing for a deposition.

C. **Midas Is Entitled to Recover Its Attorneys' Fees**

As discussed above, Rule 45 required Engineered Fluids to respond to the Subpoenas by July 2. Engineered Fluids is a sophisticated company with experience in responding to subpoenas, and is presumed to understand its legal obligations and to respect the authority of the Court. As such, Engineered Fluids' decision to ignore its legal obligations is inexcusable. Accordingly, Midas requests that the Court also award Midas its reasonable attorneys' fees associated with bringing this motion. Under Rule 37, once a motion to compel is granted, the Court is required to award attorneys' fees. Specifically, after giving the compelled party an opportunity to be heard,

7

the Court must "require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Rule 37(a)(5)(A). In this case, there is no question that Engineered Fluids has relevant information but has failed to uphold its duties to respond to the Subpoenas. Accordingly, the Court should award Midas its reasonable attorneys' fees as it was Engineered Fluids' conduct that necessitated this motion.

## IV.  CONCLUSION

For the foregoing reasons, Midas respectfully requests that the Court compel Engineered Fluids to produce responsive documents to the Subpoenas; order Engineered Fluids to appear for deposition on a date certain; award Midas its reasonable attorneys' fees and costs incurred in bringing this motion; and grant any other relief this Court deems just and proper.

A proposed order is attached.

Dated: August 19, 2025

Respectfully submitted,

By: */s/ Henry Pogorzelski*
    Henry Pogorzelski
    TX Bar No. 24007852
    Henry.Pogorzelski@KLGates.com
    Matthew Blair
    TX Bar No. 24109648
    Matthew.Blair@KLGates.com
    Ryan R. Elson
    Texas Bar No. 24143987
    Ryan.Elson@klgates.com
    **K&L Gates LLP**
    2801 Via Fortuna, Suite 650
    Austin, Texas 78746
    Tel.: (512) 482-6800
    Fax: (512) 482-6859

1601291703.3

Victoria Forson
TX Bar No. 24118212
Victoria.Forson@KLGates.com
**K&L Gates LLP**
1717 Main Street, Suite 2800
Dallas, Texas 75201
Tel.: (214) 939-5500
Fax: (214) 939-5849

*ATTORNEYS FOR PLAINTIFF*
*MIDAS GREEN TECHNOLOGIES, LLC*

9

1601291703.3

## CERTIFICATE OF SERVICE

I certify that on August 19, 2025, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system. I further certify that a copy of the foregoing document(s) was emailed, to the person(s) listed below:

*Respondent Engineered Fluids, Inc.*
c/o Gary Testa
4917 Profit Drive
Tyler, Texas 75707
gary.testa@engineeredfluids.com

*Counsel for Green Revolution Cooling, Inc.*
Ashley N. Moore
Greenberg Traurig, LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75202
Ashley.Moore@gtlaw.com
GRC-Midas@gtlaw.com

I further hereby certify that I will cause to be served a true and correct copy of the foregoing **Motion to Compel Compliance with Subpoena Directed to Engineered Fluids, Inc.** and all supporting papers in accordance with Rule 45 of the Federal Rules of Civil Procedure, upon:

*Respondent Engineered Fluids, Inc.*
c/o David Sundin
4917 Profit Drive
Tyler, Texas 75707

*/s/ Henry Pogorzelski*
Henry Pogorzelski

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Midas Green Technologies, LLC has attempted to resolve this dispute with non-party Engineered Fluids, Inc. However, at the time of filing Engineered Fluids continued to ignore its obligations under the Federal Rules and has ceased responding to Midas's communications.

*/s/ Henry Pogorzelski*
Henry Pogorzelski

1601291703.3